IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| MARIE WALDON, | § | |
| :--- | :--- | :--- |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-09-cv-238 (TJW) |
| | § | |
| CITY OF LINDEN, TEXAS, | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant City of Linden, Texas's ("Linden") Motion to Dismiss Plaintiff's Claims. [Dkt. No. 3] Having considered the parties' written submissions and arguments, the Court GRANTS Linden's motion.

### I. Background

Plaintiff Marie Waldon's complaint alleges that a third party negligently drove a tractor into her car, causing serious damage. Ms. Waldon contends that the Linden Police Department wrongfully issued a citation to her for failing to yield right-of-way to the tractor. According to Ms. Waldon, the citation had an incorrect date and was eventually dismissed. The reasons for the citation's dismissal are unclear.

Ms. Waldon's complaint includes five counts: "wrongful imprisonment," defamation, a claim under 42 U.S.C. §§ 1983, 1985(3), negligence, and attorneys' fees.[1] Ms. Waldon's claims for false imprisonment, defamation, and negligence stem from the allegedly erroneous citation. Ms. Waldon's civil rights claim(s) allege a conspiracy, but do not identify any constitutional right that Linden is alleged to have deprived, nor any facts that would amount to a constitutional violation.

---

[1] The wrongful imprisonment claim is more accurately characterized as a claim for false imprisonment.

Linden contends that Ms. Waldon's complaint must be dismissed in its entirety. Linden argues that Linden has governmental immunity for each of the tort claims, for which there has been no waiver. Linden further argues that Ms. Waldon's civil rights claim must fail because a municipality is incapable of conspiring with itself and, as pleaded, Ms. Waldon's complaint identifies no policy, custom or practice that would give rise to a violation of due process.

## II. Analysis

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2008). A court cannot require heightened fact pleading, but a complaint must state enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. The complaint is construed in favor of the plaintiff, and all facts pleaded in the complaint are accepted as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(6) "'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). However, a plaintiff is obligated to provide the grounds of his claim with "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### B. Tort Claims

In Texas, a governmental unit is immune from tort liability unless the state legislature has waived that immunity. *City of Galveston v. Texas*, 217 S.W.3d 466, 48 (Tex. 2007). The Texas legislature has waived sovereign immunity for any claims that are permitted under the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.025. The Texas Tort Claims Act

permits lawsuits for claims of "property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of his employment" provided that the injury arises from the use of an automobile or tangible property and the employee would otherwise be liable. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. The Texas Tort Claims Act does not permit any claims "arising out of assault, battery, false imprisonment, or any other intentional tort." TEX. CIV. PRAC. & REM. CODE ANN. § 101.057.

Texas has not waived governmental immunity for intentional torts. *See id.*; *Hardin County Sheriff's Department v. Smith*, 290 S.W.3d 550, 552–3 (Tex.App.-Beaumont 2009). Ms. Waldon's complaint states claims for false imprisonment and defamation, both of which are intentional torts. Therefore, because Linden is immune from suit with respect to intentional torts, Ms. Waldon's claims for false imprisonment and defamation are dismissed with prejudice.

Ms. Waldon alleges that she "suffered physical and mental injuries and pain" because of Linden's negligence. Plaintiff's First Amended Original Petition, at VIII. [Dkt. No. 1-3] Texas permits personal injury claims against a municipality only when an injury arises from "the operation or use of a motor-driven vehicle" or if the injury is "caused by a condition or use of tangible personal or real property." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. "To establish liability under section 101.021(1), the plaintiff must show a causal nexus between the injury and the operation or use of the motor vehicle." *Hardin*, 290 S.W.3d at 553 (citing *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992)). Any injuries arising from Ms. Waldon's intentional tort claims cannot be recast as a negligence claim in order circumvent the legislature's limit to the waiver of immunity for intentional torts. *See Cameron County v. Ortega*, 291 S.W.3d 495, 499 (Tex.App.-Corpus Christi 2009) (holding that negligence claims arising from facts that establish an intentional tort are essentially intentional tort claims and

cannot establish a waiver of immunity).

Ms. Waldon's complaint fails to allege facts that would give rise to an independent claim of negligence. Ms. Waldon alleges that Linden "wrongfully caused a citation to be issued to Plaintiff alleging failure to yield right-of-way" and "wrongfully caused the date of the collision to be falsely cited as February 14, 2008." Plaintiff's First Amended Original Petition, at IV. [Dkt. No. 1-3] Ms. Waldon further alleges, "As a direct and proximate result of Defendant's breach of duties and violation of the rights accorded to Plaintiff, Plaintiff suffered physical and mental injuries and pain." *Id.* at VIII. Ms. Waldon does not allege how a negligently issued citation caused her "physical and mental injuries and pain," or even what her injuries might be above and beyond those allegedly caused by false imprisonment and defamation. Furthermore, Ms. Waldon does not allege any use of an automobile or other tangible personal property that would give rise to any injuries, let alone injuries resulting from negligence. The Court dismisses Ms. Waldon's negligence claim without prejudice. The Court grants leave to Ms. Waldon to restate her claim for negligence such that it satisfies the requirements of the waiver of immunity in the Texas Tort Claims Act. *See* CIV. PRAC. & REM. CODE ANN. § 101.021.

### C. Civil Rights Claims

Ms. Waldon attempts to state claims for violations of both 42 U.S.C. §§ 1983, 1985(3) in her complaint, and each will be addressed independently. A municipality can be sued under 42 U.S.C. § 1983 only if it has a policy, practice, or custom that causes a person to be deprived of a federally protected right. *Monell v. New York City Depot of Soc. Serv.*, 436 U.S. 658, 690 (1978). That is, a plaintiff must prove three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). Assuming that Ms. Waldon properly alleged t hat the Linden Police Department is a policymaker for the purposes of

this analysis, she does not identify any official policy, let alone one that caused her to be deprived of a constitutional right. Therefore, the Court must dismiss her 42 U.S.C. § 1983 claim.

To state a claim under 42 U.S.C. § 1985 (3), a plaintiff must allege "(1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Batiste v. City of Beaumont*, 421 F.Supp.2d 969, 980–81 (E.D. Tex. 2005 (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994)). The plaintiff must also assert "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

As a preliminary matter, the Fifth Circuit has applied the "long-standing rule in this circuit that a 'corporation cannot conspire with itself any more than a private individual can'" to 42 U.S.C. § 1985(3), holding that a governmental unit cannot conspire with itself. *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994) (citing *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952)). Ms. Waldon alleges that "[Defendant] and its officers conspired" to violate her rights. Plaintiff's First Amended Original Petition, at VII. Because the acts of the agent are the acts of a corporation, the acts of Linden's officers are that of the City of Linden. Ms. Waldon's complaint fails to allege a second member of a conspiracy, so her 42 U.S.C. § 1985(3) claim must fail.

Secondarily, 42 U.S.C. § 1985(3) requires a discriminatory animus. *See Griffin*, 403 U.S. at 102. Ms. Waldon does not allege that Linden (or its officers) had any improper motive when it "conspired to deny Plaintiff the rights, privileges and immunities and the equal protection of the laws." Plaintiff's First Amended Original Petition, at VII. Therefore, even if Ms. Waldon had

properly alleged the multiple actors necessary to form a conspiracy, her 42 U.S.C. § 1985(3) claim would still be dismissed because she failed to allege the required discriminatory animus.

### III. Conclusion

Ms. Waldon's complaint is hereby DISMISSED. The Court grants Ms. Waldon leave to amend her complaint within ten days to properly, if possible, state claims for negligence and municipal liability under 42 U.S.C. §§ 1983, 1985(3). Ms. Waldon's claims for defamation and false imprisonment are dismissed with prejudice, as there are no additional facts that she could allege to establish those claims.

SIGNED this 15th day of December, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE